```
IN THE UNITED STATES DISTRICT COURT
   FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
              WESTERN DIVISION
```

ANGELA HUGHES                                              PLAINTIFF

VERSUS                                CIVIL ACTION NO: 5:09-cv-168-DCB-JMR

UNITED AUTOMOBILE INSURANCE COMPANY,
a wholly owned subsidiary of UNITED
AUTOMOBILE INSURANCE GROUP, JOSEPH K.
WHITAKER, individually and as Agent/
Employee/Representative of UNITED
AUTOMOBILE INSURANCE COMPANY, a wholly
owned subsidiary of UNITED AUTOMOBILE
INSURANCE GROUP and JOHN DOES 1-10                         DEFENDANTS

## OPINION AND ORDER

This cause comes before the Court on the plaintiff's Motion to Remand [docket entry no. 4]. Having carefully considered the Motion, the defendants' Response thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

### I. BACKGROUND AND PROCEDURAL HISTORY

On August 13, 2009, Angela Hughes ("plaintiff" or "Hughes") commenced this action in the Circuit Court of Wilkinson County, Mississippi, against United Automobile Insurance Company ("United Auto") and Joseph K. Whitaker ("Whitaker")(collectively known as "defendants"). The Complaint seeks an unspecified amount of compensatory and punitive damages and alleges claims of bad faith breach of contract, fraud, breach of fiduciary duty, breach of the duty of good faith and fair dealing, and breach of the duty of care.

On May 18, 2009, the plaintiff was involved in an automobile accident due to a tire blow-out in Wilkinson County, Mississippi. Hughes alleges that the accident occurred "on or about the night of May 18, 2009." (Complaint ¶ 8). In an affidavit produced by the defendants, William S. Raniere, an in-house attorney for United Auto, states that the plaintiff told United Auto over the telephone that the accident occurred at 8:30 a.m. on May 18, 2009. Thus, the parties dispute when the accident occurred and whether the plaintiff was covered when the accident occurred. Both parties concede that the plaintiff purchased automobile insurance from United Auto on May 18, 2009, at 9:41 a.m. and that the insurance went into effect at that moment.

After filing her insurance claim on May 18, 2009, United Auto denied the claim on May 21, 2009, contending that the plaintiff's automobile accident occurred at 8:30 a.m. on May 18, 2009, but the insurance coverage did not become effective until 9:41 a.m. on that same day. As stated previously, the plaintiff filed suit on August 13, 2009, alleging claims against both defendants.

United Auto removed this action to the Federal District Court for the Southern District of Mississippi on October 13, 2009, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(b). The plaintiff is a resident of Norwood, Louisiana. Defendant United Auto is a foreign business corporation with its principal place of business in Miami Gardens, Florida. Defendant Whitaker is a resident of

Woodville, Mississippi. As the basis for removal, United Auto alleges that Whitaker is a fraudulently joined defendant, and, therefore, he is not required to join in the removal. Thus, the defendants argue that complete diversity exists between Hughes and United Auto and this Court has jurisdiction.

On November 12, 2009, the plaintiff filed a Motion to Remand. In her motion, Hughes argues that Whitaker is a necessary party for removal because he is not fraudulently joined. Specifically, Hughes alleges that Whitaker fraudulently engaged in a scheme to sell her insurance that he knew would not provide her coverage, failed to procure her proper coverage, and fraudulently and falsely claimed that her accident occurred on the morning of May 18, 2009, instead of that evening. Thus, Hughes argues that she can show that Whitaker acted with malicious intent by lying about when her accident occurred in order for United Auto to deny her insurance coverage. For these reasons, Hughes argues that under Mississippi law, Whitaker has independently engaged in tortious conduct and is liable for his conduct.

In their response, the defendants argue that Whitaker cannot be held independently liable because the plaintiff's claims are based upon a contract of insurance of which Whitaker is not a party. The defendants also argue that Whitaker is not independently liable because the plaintiff only makes general allegations in her complaint against all of the defendants, not

3

specific allegations against Whitaker. Additionally, the defendants argue that Whitaker had no part in United Auto's decision to deny Hughes coverage and he was never consulted by United Auto before it denied coverage on May 21, 2009. According to the defendants, the only disputed issue in this case is when the plaintiff's automobile accident occurred. Because Whitaker cannot be held individually liable, the defendants argue that he was fraudulently joined and he did not have to join in the Notice of Removal.

On May 6, 2010, after reviewing the motion and response, the Courted ordered the parties to provide additional briefing regarding the time of the accident and Whitaker's involvement in denying the claim. On May 24, 2010, the defendant's filed their supplemental brief with an affidavit signed by Whitaker. Therein, he states that the plaintiff's policy lapsed for non-payment of premiums on March 20, 2009. He states that the only involvement he had with the plaintiff was collecting insurance policy premiums on May 18, 2009, to reinstate the policy. He further states that he did not find out she reported a claim to United Auto until June 16, 2009, after United Auto independently denied the claim. He also states that neither he nor his office participated in the decision to deny the plaintiff's claim.

On June 7, 2010, the plaintiff filed an untimely response to the defendant's supplemental brief. Therein, the plaintiff

4

reiterates the same arguments set forth in her original memorandum. In addition, Hughes submitted a sworn affidavit in which she states that her accident occurred on the evening of May 18, 2009. She also states that she reported the accident directly to United Auto on May 19, 2009, and she called United Auto once a day for two weeks after the accident to inquire about her claim. She states that she called Whitaker's office four times during that same two week period with no response from his office. Lastly, she states that after receiving a denial letter from United Auto, she visited Whitaker's office; however, he informed her that he could not do anything about the denial of her claim. The plaintiff's motion is now before the Court.

## II. ANALYSIS

To establish fraudulent joinder of a non-diverse defendant by the plaintiff with the intention of defeating diversity jurisdiction, "the removing party must prove that there has been outright fraud in the plaintiff's pleading of the jurisdictional facts, or that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court." Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999). The defendants argue that the plaintiff has stated no possible basis of recovery against Whitaker.

The burden is on the defendants to prove their allegation of

fraudulent joinder. Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000). Any ambiguities in state law are to be decided in favor of the party seeking remand. Ross v. Citifinancial, Inc., 344 F.3d 458, 463 (5th Cir. 2003). However, the plaintiffs cannot present only the allegations in their Complaint as evidence of possible recovery. Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc., 390 F.3d 400, 405 (5th Cir. 2004). The Court may "'pierce the pleadings' and consider summary judgment-type evidence." Id. Ultimately, the Court must determine whether there is any reasonable basis for predicting that the plaintiff might be able to recover against Whitaker under state law. Ross, 344 F.3d at 462. "[T]here must be a *reasonable* possibility of recovery, not merely a *theoretical* one." Id. (emphasis in original).

The general rule in Mississippi is that where an agent acts for a known principal, the agent incurs no liability for the principal's breach of duty. Hart, 199 F.3d at 247. Conversely, an agent may be held personally liable if he or she "directly participates in or authorizes the commission of a tort." Id. An agent cannot be held liable, however, merely based on his or her connection to the principal without some individual tortious act. Id. The Mississippi Supreme Court established the standard of care required by insurance adjusters to the insured, a relationship analogous to the lender agent - borrower relationship, in Bass v. California Life Ins. Co., 581 So.2d 1087 (1991). The Court

declared that an adjuster is not liable for simple negligence in adjusting a claim; an adjuster "can only incur independent liability when his conduct constitutes gross negligence, malice, or reckless disregard for the rights of the insured." Id. at 1090. The Court then stated that it was "hesitant to hold adjusters, *agents* or *other similar entities* to a standard of ordinary negligence." Id. (emphasis added).

In the instant case, it is clear that Whitaker cannot be held liable for breach of contract or for breach of the duty of good faith and fair dealing because he is not a party to the contract. See Jabour v. Life Ins. Co. of North America, 362 F. Supp. 2d 736, 741 (S.D. Miss. 2005)(citations omitted). In regard to the claims of fraud, Hughes alleges that Whitaker "fraudulently engaged in a scheme to sell her insurance that *he knew* would not provide coverage and then would result in higher commissions for himself." (Complaint at ¶¶ 10, 19)(emphasis in original). She also alleges that Whitaker fraudulently and falsely told United Auto that her accident occurred on the morning of May 18, 2010, in order to prevent the plaintiff from receiving insurance coverage for her loss. Moreover, in regard to the breach of fiduciary duty claim, Hughes alleges that Whitaker failed to procure her valid coverage that would cover her automobile. See Simpson v. M-P Enterprises, 252 So.2d 202, 207 (Miss. 1971)(recognizing that it is a "well settled rule that if an agent or broker with a view of being

7

compensated agrees to procure insurance for another and through fault or neglect fails to do so, he will be liable for any damage that results thereby"). Hughes states that the Court should not rely on the affidavit produced by the defendants because William S. Raniere, the affiant, has no direct knowledge of the information Hughes provided to United Auto regarding when her accident occurred.

The parties concede that insurance coverage became effective at 9:41 a.m. on May 18, 2010. As a result, the plaintiff's allegation that the coverage Whitaker represented she was getting failed to cover her automobile is without merit. The only actual dispute between the parties is when the plaintiff's automobile accident occurred.

After thorough consideration of the evidence presented, the Court is of the opinion that the plaintiff's factual allegations regarding Whitaker's conduct are not independent tortious acts that constitute gross negligence or reckless disregard for the rights of the plaintiff. <u>Bass</u>, 581 So.2d at 1090. It is clear from the facts of this case that the only involvement Whitaker had with the plaintiff was collecting a payment for the insurance policy premium. He did not participate in the decision to deny coverage. More importantly, he did not know about the plaintiff's accident or United Auto's decision to deny coverage until June 16, 2009, which was after United Auto denied the plaintiff's claim. The plaintiff

8

admitted in her affidavit that she submitted her claim directly to United Auto. Therefore, her allegation that Whitaker lied to United Auto in regard to when her accident occurred in order to have her claim denied is without merit. For these reasons, the plaintiff has no reasonable possibility of recovery against Whitaker. As a result, the Court finds that he was fraudulently joined and the plaintiff's Motion to Remand is denied.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's Motion to Remand [docket entry no. 4] is **DENIED**.

**IT IS FURTHER ORDERED** that JOSEPH K. WHITAKER is dismissed with prejudice as a defendant in this action.

**SO ORDERED AND ADJUDGED** this the 22nd day of June 2010.

s/ David Bramlette
**UNITED STATES DISTRICT JUDGE**